IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SAMUELS JEWELERS, INC., | ) Bankr. Case No. 03-12399 (MFW) |
| | ) Civil. Case No. 04-0619-GMS |
| Debtor. | ) Re: Docket No. 1 |
| | ) |
| SAMUELS JEWELERS, INC., | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHELLE SHOOP-DODDY | ) |
| | ) |
| Respondent. | ) |

**STIPULATION AND ORDER RESOLVING AND WITHDRAWING
PROOF OF CLAIM FILED BY MICHELLE SHOOP-DODDY**

Samuels Jewelers, Inc. ("**Samuels**"), the reorganized debtor in the above-referenced chapter 11 case, and **Michelle Shoop-Doddy** ("**Shoop-Doddy**"), a disputed claimant in such case, hereby stipulate as follows:

A.   On August 4, 2003 (the "Petition Date"), Samuels filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

1

83075.1

B.  Following the Petition Date, Samuels operated its business and managed its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.  On March 30, 2004, the Bankruptcy Court entered its order confirming Debtor's Second Amended Plan of Reorganization (Dated December 23, 2003) ("Plan"). The "Effective Date" under the Plan occurred on May 28, 2004.

D.  Upon the occurrence of the Effective Date, Samuels was revested with the assets of its estate as a reorganized debtor. Pursuant to the Plan, Samuels retained the authority to object and/or compromise claims filed in its chapter 11 case.

E.  On or about November 21, 2003, the undersigned counsel filed a proof of claim in Samuels' bankruptcy case on behalf of Shoop-Doddy. Shoop-Doddy's claim was designated as "Claim No. 162" by the court-appointed claims agent.

F.  On or about January 28, 2004, Samuels filed in the Bankruptcy Court and served on the claimants its "Motion Objecting To Claims Filed By: CIT Technology Financing [Claim No. 10]; Varrozhan Ternian [Claim No. 121]; Michelle Shoop-Doddy [Claim No. 162]; Paul W. Hart [Claim No. 270]; Mary Ann R. Lumba [Claim No. 277]; And Nola Ramos [Claim No. 322]" ("Original Motion").

G.  A hearing was held on the Original Motion on March 30, 2004, before the Honorable Mary F. Walrath, United States Bankruptcy Judge. Shoop-Doddy did not respond to the motion or appear at the hearing.

H.  At that hearing, Judge Walrath indicated that the injuries alleged by Shoop-Doddy in Claim No. 162 appeared to be in the nature of personal injuries over which the Bankruptcy Court would not exercise jurisdiction and entertained a motion to withdraw the reference, so that the Claim could be ruled upon by this Court.

I.  On or about June 28, 2004, Samuels filed in this Court and served on Shoop-Doddy its "Motion To (1) Withdraw The Reference; (2) Disallow Priority Claims

Status; and (3) Disallow Claim Filed by Michelle Shoop-Doddy" ("District Court Motion"), Docket No. 1.

J.  On October 15, 2004, this Court entered its order withdrawing the reference of the matter from the Bankruptcy Court and assumed jurisdiction over the matter. Docket No. 5.

K.  No opposition or other response to the District Court Motion was ever filed. Accordingly, on November 22, 2005, Samuels filed in this Court its "Notice of Completion of Briefing," Docket No. 7.

L.  Subsequent to filing Claim No. 162 in Samuels' chapter 11 case, Shoop-Doddy reached a settlement with a third-party insurance carrier in respect of her alleged injuries and has fully released Samuels from any liability arising therefrom. As a consequence, Claim No. 162 is now moot.

**THEREFORE**, the parties agree, subject to the Court approving this stipulation, as follows:

1.  Claim No. 162 is withdrawn with prejudice. Any other claim that has been or may be filed by Shoop-Doddy against Samuels or its estate is hereby disallowed without further court order.

2.  The effect of an order approving this stipulation shall be to disallow any and all claims of Shoop-Doddy (including Claim No. 162), without being subject to reconsideration under Bankruptcy Code § 502(j) or otherwise.

3.  Shoop-Doddy and Samuels shall bear their own costs and fees, and waive and forever relinquish any right to recover same, whether herein or otherwise.

**SIGNED AND SO STIPULATED** as of date indicated below.

Dated: March 31, 2006        **FOR SAMUELS JEWELERS, INC.**

By: _____
ROBERT HERMAN
Its: Chief Financial Officer

Dated: March __, 2006        **FOR MICHELLE SHOOP-DODDY**

By: _____
Robert Hanna
Her: Attorney

** Remainder of Page Left Intentionally Blank **

4

83075.1

SIGNED AND SO STIPULATED as of date indicated below.

Dated: April ___, 2006        SAMUELS JEWELERS, INC.

                              By: _____
                                  ROBERT HERMAN
                              Its: Chief Financial Officer

Dated: ~~April~~ March 30, 2006   MICHELLE SHOOP-DODDY
                              _____ Herman Attorney for
                              By: _____
                                  MICHELLE SHOOP-DODDY

** Remainder of Page Left Intentionally Blank **

4

## ORDER

Upon review and consideration of the foregoing Stipulation between Samuels Jewelers, Inc. and Michelle Shoop-Doddy, after due deliberation and for good cause shown, it is hereby ORDERED:

1. The foregoing Stipulation is approved in its entirety and incorporated herein by this reference as the Order of the Court.

2. The Clerk of this Court is directed to close this civil matter and transmit a copy of this Order to the Clerk of the Bankruptcy Court for entry upon the docket in the Samuels chapter 11 case.

3. The Claims Agent appointed by the Bankruptcy Court in the Samuels chapter 11 case shall conform the official claims register to the terms of this Order and the Stipulation.

4. This Court shall retain jurisdiction to interpret and enforce this Order and the Stipulation.

Dated: April 5, 2006
Wilmington, Delaware

_____
HON. GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

Approved As To Form By:

_____
MARTIN R. BARASH
KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 Avenue of the Americas
33rd Floor
Los Angeles, CA 90067
Reorganization Counsel to Samuels Jewelers, Inc.



FILED
APR 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

83075.1

ROBERT A. HANNA
SHIELDS & HANNA
14350 Civic Drive, Suite 150
Victorville, CA 92392
Counsel for Michelle Shoop-Doxldy

6

83075.1